IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Truauto MC, LLC and TDMC Property Holdings, LLC, | ) ) ) ) | Civil Action No. 2:19-cv-1381-RMG |
| Plaintiffs, | ) ) ) | **ORDER AND OPINION** |
| v. | ) ) ) | |
| Textron Specialized Vehicles, Inc., White River Marine Group, LLC, and Wells Fargo Commercial Finance, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiff TruAuto MC, LLC and TDMC Property Holdings, LLC's Motion for Reconsideration (Dkt. No. 44). For the reasons set forth below, the Court denies the motion.

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment; however, the rule does not provide a legal standard for such motions.[1] The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. American Nat'l*

---

[1] Plaintiffs bring the motion under both Rules 59 and 60(b)(1) and (6). Because the motion is timely under Rule 59(e), the Court need not also conduct the Rule 60(b) analysis. *See Black Water Marine Explorer LLC v. Unidentified Shipwrecked Vessel or Vessels*, 714 Fed. Appx. 296, 297 (Mem) (4th Cir. 2018) ("Although Black Water invoked both Rule 59(e) and Rule 60(b)(1), because Black Water filed the motion within 28 days of the district court's dismissal order, we treat the motion as a Rule 59(e) motion."). Regardless, the result here is the same when analyzed under either Rule 59 or 60. As relevant, Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to relieve a party from a judgment for "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief."

*Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (citation omitted). The decision to alter or amend a judgment is reviewed for an abuse of discretion. *Id.* at 402.

Plaintiffs have not identified any change in controlling law or any new evidence not previously available. Instead, Plaintiffs argue that the Court's ruling was in clear error. However, "[a] Rule 59(e) motion should not be used as an opportunity to rehash issues already ruled upon because a litigant is displeased with the result." *Cooper v. Spartanburg Sch. Dist. Seven*, No. 7:13-CV-00991-JMC, 2016 WL 7474380, at *2 (D.S.C. Dec. 29, 2016), *aff'd sub nom. Cooper v. Spartanburg Cty. Sch. Dist. No 7*, 693 F. App'x 218 (4th Cir. 2017) (citations omitted). Here, Plaintiffs rehash arguments already presented to and rejected by the Court. In sum, the ruling to dismiss Plaintiff's Amended Complaint was not a clear error of law nor was it manifestly unjust.

Accordingly, there is no basis to reconsider the Court's prior order and opinion granting Defendants Textron Specialized Vehicles, Inc.'s and White River Marine Group, LLC's motions to dismiss this case. The Court **DENIES** the motion for reconsideration, (Dkt. No. 44).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 18, 2020
Charleston, South Carolina